**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X
BENEFITVISION INC.,

                            Plaintiff,

                - against -

GENTIVA HEALTH SERVICES, INC.
d/b/a Gentiva Health Services (USA) Inc.,
GENTIVA SERVICES OF NEW YORK INC.,
GENTIVA HEALTH SERVICES, IPA INC.
and GENTIVA HEALTH SERVICES INC.
a Registered Foreign Delaware Corporation,
d/b/a in New York as Gentiva Health Services Inc.,

                           Defendants.
-------------------------------------------------------------X

**ORDER**

CV 09-473 (DRH) (AKT)

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

        The Court has received Plaintiff's Motion to Compel Disclosures and Amend Pleadings [DE 26] dated October 19, 2009. Plaintiffs' Motion is unfortunately rejected for failure to comply with Local Civil Rules 37.1 and 37.3 and my Individual Practice Rule III(A)(1), and because a motion to amend must be made by formal motion under the Federal Rules of Civil Procedure.

        My Individual Practice Rule III(A)(1) provides, in pertinent part: "*Discovery or other non-dispositive motions may be made by letter* motion, pursuant to Local Civil Rules 37.1 and 37.3 and filed electronically as a "MOTION." (Emphasis in original.) Local Civil Rule 37.1 provides, in pertinent part:

> Upon any motion or application involving discovery or disclosure requests or responses under Rule 37 of the Federal Rules of Civil Procedure, the moving party shall specify and quote or set forth verbatim in the motion papers each discovery request and response to which the motion or application is addressed.

In the instant Motion, Plaintiff does not "quote or set forth verbatim in the motion papers each discovery request and response to which the motion . . . is addressed." In order for the Court to make sense of the assertions made by Plaintiff, the context of Plaintiff's discovery requests is necessary. Accordingly, Plaintiffs' Motion [DE 26], to the extent it seeks to compel Defendants' responses to discovery demands, is hereby rejected, without prejudice, and with leave to resubmit upon proper compliance with Local Rule 37.1 and my Individual Practice Rule III(A)(1).

Plaintiff's Motion also seeks an order "allowing the plaintiffs to amend their pleadings to include interference with contractual or business relations." DE 26. However, a motion to amend the pleadings may not be made by letter motion. Rather, if Defendant's counsel consents to Plaintiff's proposed amendment of the Complaint, then Plaintiff may file the amended complaint along with the appropriate stipulation signed by counsel for all of the parties in this case. If Defendants do not consent, then Plaintiff is required to file a formal motion to amend under the Federal Rules of Civil Procedure. However, the Court notes that, pursuant to the Amended Case Management and Scheduling Order [DE 18] in place in this action, the deadline to amend the pleadings was September 25, 2009. As I explained to the parties at the Initial Conference, that was the deadline by which Plaintiff was required to either (1) file the amended complaint and the appropriate stipulation, or (2) file the fully briefed motion to amend the complaint. Where, as here, Plaintiff wishes to amend the pleadings after the expiration of the deadline to do so, Plaintiff must file a formal motion showing "good cause" (1) why the deadline set forth in the Amended Case Management and Scheduling Order should be extended and (2) why the amendment should be permitted in any event.

Finally, Plaintiff seeks "a protective order which would prevent the use . . . at trial" of allegedly privileged documents which Plaintiff's counsel inadvertently produced to Defendant's counsel. DE 26. However, there is no indication that Plaintiff's counsel has met and conferred with Defendant's counsel on this issue prior to filing the instant application in accordance with Local Civil Rule 37.3. Rule 37.3 provides, in pertinent part:

> (a) **Premotion Conference** Prior to seeking judicial resolution of a discovery or non-dispositive pretrial dispute, the attorneys for the affected parties or non-party witness shall attempt to confer in good faith in person or by telephone in an effort to resolve the dispute.

Morever, The Court's Civil Conference Minute Order summarizing the discussions during the May 13, 2009 Initial Conference in this case stated as follows:

> 7. In accordance with Local Rule 37.3, the parties are obligated to confer in good faith to resolve any outstanding discovery disputes. If the parties cannot resolve the dispute amongst themselves, the parties should expeditiously seek judicial intervention by filing the appropriate letter motion.

*See* DE 13. Plaintiffs' Motion does not contain either a certification that the parties have complied with Rule 37.3 or how that compliance was achieved. Accordingly, Plaintiff's counsel is directed to meet and confer with Defendant's counsel, pursuant to Rule 37.3, on this issue in an effort to work out this issue among themselves. If the parties cannot reach a resolution after doing so, then Plaintiff's counsel may file the appropriate motion.

Thus, Plaintiff's Motion, to the extent it seeks to compel discovery responses, is rejected, without prejudice, and with leave to resubmit upon proper compliance with Local Civil Rule 37.1 and my Individual Practice Rule III(A)(1). Plaintiff's Motion, to the extent it seeks leave to amend the pleadings, is rejected, without prejudice, and with leave to resubmit in accordance

3

with the directives herein.  Finally, Plaintiff's Motion, to the extent it seeks a protective order, is rejected without prejudice, and with leave to resubmit if necessary, upon proper compliance with Local Civil Rule 37.3 and my Individual Practice Rule III(A)(1).

**SO ORDERED.**

Dated: Central Islip, New York
October 20, 2009

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
U.S. Magistrate Judge