**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
BENEFITVISION, INC.,

                     Plaintiff,

            - against -

GENTIVA HEALTH SERVICES, INC. doing
business as GENTIVA HEALTH SERVICES
(USA) INC., GENTIVA SERVICES OF NEW
YORK INC., GENTIVA HEALTH SERVICES,
IPA INC., GENTIVA HEALTH SERVICES INC.
a Registered Foreign Delaware Corporation,
doing business in New York as Gentiva Health
Services Inc., GENTIVA HEALTH SERVICES,
INC.

                     Defendants.
-----------------------------------------------------------X

**ORDER**

CV 09-473 (DRH) (AKT)

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

On August 9, 2011, the Court granted Plaintiff Benefitvision, Inc's ("BVI") motion to compel discovery from Defendants and Counter Claimants (collectively, "Gentiva") regarding Gentiva's counterclaim damages. DE 103. In that Order, the Court directed Gentiva to produce documents regarding counterclaim damages by August 23, 2011 and ruled that if Gentiva failed to do so, the Court would "issue a Report and Recommendation to Judge Hurley recommending that the counterclaims be precluded." *Id.* On September 2, 2011, BVI filed a letter "motion to dismiss" requesting that this Court recommend to Judge Hurley that Gentiva's counterlcaims be dismissed because Gentiva still had not "received any evidence of damages to support the Counterclaims." DE 105. As set forth more fully below, BVI's September 2, 2011 letter "motion to dismiss" is DENIED; however, Gentiva is directed to show cause why this Court should not recommend to Judge Hurley that its counterclaims be dismissed.

Gentiva did not initially respond to BVI's motion. After the time to file opposition had expired, the Court issued an order directing Gentiva to respond by the close of business the next day, which it did. *See* DE 106.[1] In its response, Gentiva stated that "the precise quantum will be developed more fully at trial" and attached select pages of exhibits shown to Shirelle Pearson, a former Gentiva Benefits Manager at her deposition. According to counsel for Gentiva, these documents show that incorrect data provided by BVI caused an underpayment of employee health insurance premiums by Gentiva to one of its insurance vendors in the amount of approximately $400,000 and that BVI's error cost Gentiva approximately $80,000 per month or $1,000,000 per year. Counsel for Gentiva also stated that further information would be forthcoming at the scheduled deposition of John Potapchuck.[2]

Gentiva's response is insufficient and does not comply with the directives in the Court's Order. First, counsel for Gentiva was specifically advised at the August 9, 2011 conference that making a statement to the effect that the amount of damages it seeks will be developed at trial is unacceptable. Defendants' counsel was directed to provide documentation reflecting its actual counterclaim damages calculations. Moreover, the documents Gentiva submitted do not shed any light on the amount of counterclaim damages it is seeking. Rather, these materials which, at most, reflect that a data error by BVI caused Gentiva to underpay one of its insurance vendors by

---

[1] Gentiva's actions in this case raise the question of just how serious Gentiva is about pursuing the counterclaims. In addition to failing to timely oppose BVI's motion, Gentiva failed to include any counterclaims in the list of its claims and defenses in the proposed Joint Pre-Trial Order ("JPTO") submitted by the parties. Likewise, Gentiva did not respond to Plaintiff's statement in the JPTO that "there is no viable counterclaim." *See* DE 117.

[2] In contravention of this Court's Individual Practice Rules, and without advance permission of the Court, the parties saw fit to file replies and sur-replies. *See* DE 107-109. The Court rejects these submissions.

$433,155.95 over an unspecified period.  There is no indication whatsoever what damages, if any, Gentiva suffered as a result of this error.  If there were any damages resulting from BVI's error, such as late fees or interest charges imposed by the insurance vendor as a result of the underpayment, then Gentiva has until January 17, 2012 to provide BVI and the Court with a breakdown of those amounts and show cause why this Court should not recommend dismissal of the counterclaims to Judge Hurley given Gentiva's failure to comply with the Court's prior Order.  BVI will have one week to respond to Gentiva's submission.

In Gentiva's submission, Gentiva is directed to address why it has any viable counterclaim given that the operative Answer filed in this action by Gentiva does not contain any counterclaims.  In reviewing the docket in connection with this motion, the Court noted that although Gentiva asserted counterclaims in its first Answer, DE 6, the Answer to the Amended Complaint, which is the operative responsive pleading in this case, DE 21, does not contain any counterclaims.

As the parties have been previously advised, all letter submissions should contain citations to supporting case law.  The failure to comply with this directive will result in the Court's rejection of the submission.

**SO ORDERED.**

Dated: Central Islip, New York
January 3 ,2012

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
U.S. Magistrate Judge