UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------
BENEFITVISION INC.,

       Plaintiff,      **MEMORANDUM AND ORDER**
                    **09-CV-0473 (DRH) (AKT)**

  -against-

GENTIVA HEALTH SERVICES, INC. doing
business as Gentiva Health Services (USA) Inc.,
GENTIVA SERVICES OF NEW YORK INC.,
GENTIVA HEALTH SERVICES, IPA INC.,
GENTIVA HEALTH SERVICES INC., a
Registered Foreign Delaware Corporation, Doing
Business in New York as Gentiva Health Services Inc.,

       Defendants.

--------------------------------------------------------X

**APPEARANCES:**

**For the Plaintiff:**
**MANUEL MOSES, ESQ.**
236 West 26th Street, Suite 303
New York, New York 10001
By: Manuel B. Moses, Esq.

**For Defendant:**
**COULTER & WALSH**
675 Third Avenue, Suite 1805
New York, New York 10017
By: Philip J. Walsh, Esq.

**Hurley, Senior District Judge:**

  Benefitvision Inc. ("Benefitvision" or "plaintiff") commenced this action against defendants Gentiva Health Services, Inc., Gentiva Services of New York, Inc., Gentiva Health Services, IPA, Inc., and Gentiva Health Services, Inc. (collectively "Gentiva" or "defendants") in order to recover damages based upon defendants' alleged breach of a Master Service Agreement ("MSA"). On February 24, 2014, this Court referred to Magistrate Judge A. Kathleen Tomlinson

plaintiff's third motion pursuant to Federal Rule of Civil Procedure ("Rule") 15 to amend the complaint to add the following four new causes of action against the defendants: (1) "to show that the insurance policies sold to Gentiva employees [were] sited in Georgia and Ronald Kleiman was the agent who paid the commission"; (2) for improper termination of the MSA due to Gentiva's "self-dealing"; (3) for Gentiva's entrance into a fee splitting agreement in violation of New York State Insurance Law; and (4) for defendants' failure "to follow the escalation provision in [the parties'] Statement of Work Agreement." (Pl.'s Mot. to Amend. at 3-4, DE 148.) On February 9, 2015, Judge Tomlinson issued a Report and Recommendation denying plaintiff's motion in its entirety. Presently before the Court are Benefitvision's timely objections to Judge Tomlinson's ruling. For the reasons set forth below, Benefitvision's objections to Judge Tomlinson's ruling are denied.

## BACKGROUND

The Court assumes familiarity with the facts and procedural history as set forth in Magistrate Judge Tomlinson's Report and Recommendation.

## DISCUSSION

### I. *Legal Standard*

Rule 72(b)(3) provides that "a district judge must determine de novo any part of [a] magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1)(B). The Court may "accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). "The *de novo* review requires the district court neither to 'rehear the contested testimony' nor to 'conduct a new hearing on contested issues.'" *Gutman v. Klein,* 2010 WL 4916722, at *1 (E.D.N.Y. Nov. 24, 2010) (quoting *United States v. Raddatz,*

447 U.S. 667, 674–75 (1980)). Moreover, even on a *de novo* review, a district court will generally "refuse to consider arguments, case law and/or evidentiary material which could have been, but was not, presented to the magistrate judge in the first instance." *Kennedy v. Adamo,* 2006 WL 3704784, at *1 (E.D.N.Y. Sept. 1, 2006) (quoting *Haynes v. Quality Markets,* 2003 WL 23610575, at *3 (E.D.N.Y. Sept. 22, 2003)) (internal quotation marks and alteration omitted).

## II.  *Benefitvision's Objections*

Benefitvision "begin[s] [its] objections to Judge Tomlinson's: Report and Recommendation . . . [by] citing to Rule 8(a)(2) that requires only 'a short plain statement of the claim showing the pleader is entitled to relief' " and stating that "the Court dealt harshly in limiting the application of this rule in the instant case." (Benefitvision's Objections ("Obj.") at 1.) The Court disagrees with this objection. Judge Tomlinson appropriately reviewed plaintiff's request to amend pursuant to Federal Rule of Civil Procedure ("Rule") 16(b)(4) requiring that a party show "good cause" for modifying a scheduling order, whereas here, plaintiff sought leave to amend over four years after the deadline for doing so set forth in the court's scheduling order had passed. Any attack on Judge Tomlinson's ruling based on Rule 8 is not relevant. Moreover, having reviewed the issues *de novo* as required, the Court agrees with Judge Tomlinson's determination that plaintiff has not demonstrated good cause warranting the requested amendments. As Judge Tomlinson notes, "[d]iscovery was closed more than three years ago, on September 16, 2011, and this case was certified . . . as trial-ready nearly three years ago, on April 17, 2012. Further, the evidentiary basis for Plaintiff's latest motion to amend (*i.e.*, Defendants' 'data dump' of 400,000 e-mails which required extensive review) was, by Plaintiff's own admission fully produced to Plaintiff's counsel by July 12, 2011." (Report and Recommendation

at 20.) Plaintiff simply has not demonstrated any reason why it should be entitled to amend its Complaint over four years after the deadline to do so has passed, after several summary judgment motions have already been decided, and the case has been deemed ready for trial.

Plaintiff seems to take issue with Judge Tomlinson's decision dated September 27, 2010 on plaintiff's prior motion to amend ("the September 2010 Order") ((DE 71) where Judge Tomlinson granted plaintiff permission to amend the *ad damnum* clause of the Complaint but did not allow plaintiff to add language in order to "enhance its position that under the MSA, Defendants were not permitted to terminate the agreement until March 31, 2009, and Defendants therefore breached the agreement by terminating the MSA prior to that date." (DE 71 at 13.) However, plaintiff's time to seek reconsideration of this decision has long passed. (*See* Local Civil Rule 6.3 (providing that motions for reconsideration must be made within 14 days after the entry of the Court's determination of the original motion).) Additionally, the Court rejects plaintiff's contention that page 19 of the Report and Recommendation is inconsistent with the September 2010 Order. Page 19 of the Report and Recommendation states that Judge Tomlinson's September 2010 decision to allow plaintiff to increase their *ad damnum* clause "was limited solely to the amount of damages sought by [Benefitvision] for unpaid payroll deductions, not for an improper early termination of the MSA, which is an entirely different claim." This statement is not inconsistent with the September 2010 Order where Judge Tomlinson explicitly granted plaintiff's request to amend the *ad damnum* clause to reflect plaintiff's new expert's calculations, but not to "amend to add a statement regarding the termination date under the MSA." (September 2010 Order at 13.)

4

## Conclusion

For the foregoing reasons, Benefitvision's objections to Magistrate Judge Tomlinson's Report and Recommendation are denied. The Court notes that although Judge Tomlinson's September 2010 Order permitted plaintiff to amend the *ad damnum* clause of the Complaint, plaintiff failed to formally file an amended complaint on the Court's docket. Plaintiff shall do so within thirty (30) days of this Order.

**SO ORDERED.**

Dated: Central Islip, New York
      March 10, 2015                            _____/s/_____
                                                       Denis R. Hurley
                                                       United States District Judge